BLUE, Chief Judge.
Larry Wayne Campbell appeals the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Campbell raised multiple claims in his motion. We agree with the trial court and thus affirm the denial of all claims, save one. We conclude that Campbell stated a facially sufficient claim that trial counsel was ineffective for failure to pursue an insanity defense. We reverse on this issue and remand to the trial court.
Campbell was convicted of robbery with a deadly weapon, aggravated battery with a deadly weapon, and attempted carjacking with a weapon. The crimes occurred on May 21, 1996, after he had been on a ten-day crack cocaine binge. His only defense at trial was voluntary intoxication.[1] *1207 The trial court properly denied his claim that trial counsel failed to present this defense fully by failing to prepare a witness and support the defense with existing medical records.
However, neither the ■ attachments to the trial court’s order nor the record refutes Campbell’s allegation that trial counsel failed to investigate a viable insanity defense. Campbell alleged that medical records showed that he had suffered blackouts, hallucinations, memory loss, and insanity. The deposition of an expert witness in the record appears to support an insanity defense. The trial court quoted from this deposition in summarily denying the claim, and the limited quotation would seem to support the trial court order. Notwithstanding, our reading of the deposition, in context with the quotation, convinces us the expert’s testimony does not support denying the claim conclusively-
Campbell has made a facially sufficient claim of ineffective assistance of trial counsel that is not refuted by the record. We reverse and remand for an evidentiary hearing on the question of whether trial counsel was ineffective for failing to investigate and/or present an insanity defense at trial.
Affirmed in part, reversed in part, and remanded.
GREEN and COVINGTON, JJ., concur.

. Campbell’s crimes occurred prior to October 1, 1999, when section 775.051, Florida *1207 Statutes (1999), eliminated the defense of voluntary intoxication.